JAMES W. HARTER v. WILLIAM T. PETTY et al., Appellants.

Division One, December 21, 1915.

1. **JUDGMENT OF PROBATE COURT: Collateral Attack.** As to all matters of administration of estates, the orders, judgments and proceedings of the probate court, made in furtherance of the statutory powers devolved upon it, are not subject to collateral attack, unless it affirmatively appears in some portion of the entire record that the steps necessary to the acquisition of jurisdiction were not taken.

2. ————: ————: **Silence of Record.** Mere silence of the record is not sufficient to overcome the presumption that a given judgment of a probate court was rendered after jurisdiction attached.

3. ————: ————: **Sale of Property Under Execution.** Where a legacy was given to a named legatee, there was money in the hands of the executor sufficient to pay it after all debts and other legacies as shown by the annual settlement had been paid, and more than two years had elapsed since letters testamentary had been granted, it will not be held, in the absence of any contrary showing by the record, that the probate court was without jurisdiction to make an order directing the legacy to be paid and to award execution thereon against the executor; and a sale of the executor's land by the sheriff in pursuance thereof, will not be held invalid on the ground that the probate court was without jurisdiction.

4. **BELATED NOTICE OF ADMINISTRATION: Payment of Legacy.** The fact that the executor delayed for nearly two years after letters testamentary were issued to him the publication of notice of administration will not avail him in an attempt to defeat the sale of his land under execution, in pursuance to an order of court to pay a legacy, made more than two years after the letters were issued, but less than two years after notice was given. He cannot invoke his violation of the statute requiring him to give notice within thirty days, as a ground for defeating either the order or execution.

5. **INTEREST ON LEGACY: Collateral Attack.** Whether or not the probate court erred in allowing interest on the legacy from one year after the grant of administration, instead of from the date of demand for the legacy and refusal to pay it, is of no concern in a collateral attack. Such mistakes, if in fact mistakes, could have been corrected on appeal, and since the probate court had jurisdiction of the matter, its judgment cannot be avoided by a collateral attack.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*W. S. Herndon* for appellants.

Appellant submits that the sheriff's deeds, upon which plaintiff bases his right to recover in this case, did not convey any title for the following reasons: (1) The probate court was without jurisdiction

to make the order, in this: There must be a finding at some settlement that there are sufficient funds in the hands of the executor or administrator, after paying all debts and costs, to pay legacies or distributive shares before the court can make such order. Sec. 246, R. S. 1909. In order for the court to determine that there are sufficient funds, the time for proving up claims against the estate must have expired. The time had not expired when this order was made, for the reason the notice of grant of letters was not published until April, 1909. Sec. 191, R. S. 1909; Clark v. Sinks, 144 Mo. 449; State ex rel. v. Grigsby, 92 Mo. 419. (2) The order was not made at a settlement. There is no provision of the statute which gives a legatee the right to sue for a legacy in the probate court by giving the executor notice that he will apply for such order. The first annual settlement was made May 12, 1909, and the second on June 22, 1911. (3) There was no finding by the court that there were sufficient funds in the hands of the executor, after paying all demands and costs, with which to pay the legacy. Sec. 246, R. S. 1909. Counsel for Tucker recognized that such a finding was jurisdictional and made that averment in their motion. The court did not even sustain the motion, but simply ordered the legacy paid with interest. Brown v. Glover, 158 Mo. App. 399. Probate courts are courts of limited jurisdiction and nothing is presumed. Record must show affirmatively that it had jurisdiction. Gibson v. Vaughn, 61 Mo. 418; Strouse v. Drennan, 41 Mo. 289; State v. Metzger, 26 Mo. 447; Ex parte O'Brien, 127 Mo. 447; Cloon v. Beatie, 46 Mo. 391; Rohland v. Railroad, 89 Mo. 180. The averment in the motion of Tucker, filed in the probate court, could not supply the necessary finding in the order. Orchard v. Store Co., 225 Mo. 470. (4) The order for the payment of the legacy was void, for the reason that it allowed interest from December 21, 1908. The filing of the motion on the 14th of Febru-

ary, 1910, was the only evidence of a demand for the payment of the legacy. If the executor was chargeable with interest, it would be due the estate and not the legatee. The date from which interest was allowed was just one year from the date of letters, and no executor can in any event be compelled to pay a legacy before the expiration of two years. Sec. 245, R. S. 1909. (5) The only power which the probate court had was to order the payment of the legacy when the conditions existed which gave .it the power to act. It had no power to give judgment for interest. Sec. 246, R. S. 1909. (6) The motion of James H. Tucker asked for the payment of the legacy of one thousand dollars and interest thereon and the order of the court for the payment of that legacy, and interest thereon from December 28, 1908, stated in the costs named on the execution to be $81 was in excess of the jurisdiction of the probate court. The statute only gave the probate court jurisdiction when the proper conditions existed to order the payment of the legacy. While that order might bear interest from date of refusal to pay, the court had no power to allow interest and it made the whole order void. 1 Am. & Eng. Ency. Law (2 Ed.), p. 1066; Smith v. Knowlton, 11 N. H. 191; Camp v. Woods, 10 Watts (Pa.), 118. The notice served on the executor and the motion filed by Tucker asked for the allowance of interest. The court, in acting upon this motion and allowing interest, was assuming jurisdiction exceeding that given it by law, and prohibition would lie. State ex rel. v. Aloe, 152 Mo. 483; State ex rel. v. Wood, 155 Mo. 445; State ex inf. v. Talty, 166 Mo. 552; Sec. 246, R. S. 1909. (7) The execution was void for two reasons, among others, to-wit: (a) Section 235, R. S. 1909, provides that if any executor or administrator fail to pay, when demanded, execution may issue. The record shows that a copy of a written demand was delivered to the executor by the sheriff. This written demand did not au-

thorize the sheriff to collect the money, and his receipt would not have protected the executor, or been a legal voucher, on a settlement. Simply handing the executor a copy of a written demand, signed by Tucker's supposed attorney, is not such a demand as would authorize the issue of an execution, especially on the same day. (b) The same section provides that the execution shall issue on application of the creditor, and section 254 makes it applicable to legatees. The record does not show that such application was made, nor does the execution so state. The same section provides that such execution shall issue against such executor or administrator. The execution was against William T. Petty, simply. (8) The order made on the 17th of July, 1911, on the application of the executor, for distribution of $4,200, excepted James H. Tucker et al., on account of a suit against them in the Linn Circuit Court. This shows that the legatee, James H. Tucker, was indebted to the estate, at least that he was sued by the executor. If the court will take judicial notice of that suit, which was finally adjudicated by the Kansas City Court of Appeals, and is reported in 166 Mo. App. 98, it may throw some light on the controversy between the executor and Tucker. (9) No suit can be maintained against any executor or administrator for the payment of a legacy or distributive share until all claims are barred by the special statute or limitations. In this case no claims against the estate of James Ward, deceased, were barrred until two years after the publication of notice in April, 1909, that notice not having been published within thirty days from the date of letters. Sec. 191, R. S. 1909; Wiggins v. Lovering, 9 Mo. 262; Wilson v. Gregory, 61 Mo. 421.

*Lavelock & Kirkpatrick* for respondents.

The principal defense, and the only defense offered by appellant, is a collateral attack upon a judg-

ment and order of the probate court and the proceedings thereunder. (1) A collateral attack, as defined by the authorities, is any proceeding not instituted for the express purpose of annulling, correcting or modifying a judgment or decree. Johnson v. Realty Co., 167 Mo. 341; State v. Jeager, 157 Mo. App. 339. (2) In collateral proceedings, no inquiry can be had as to errors of either fact or law. The judgment is conclusive as to these. Hope v. Blair, 105 Mo. 94. (3) Appellant, in the trial of this cause, offered in evidence Exhibit "D", being the motion filed in the probate court by James H. Tucker, praying for an order on the executor of the estate of James P. Ward, deceased, to pay legacy bequeathed to the said James H. Tucker. In this proceeding, in view of the judgment rendered thereon, the silence and non-appearance of the appellant thereto, the law conclusively presumes that the court then found that all the debts, demands and special legacies of said deceased, except the legacy to James H. Tucker, had been paid in full, that there yet remained an unexpended amount in the hands of said executor in the sum of $8750, and that the notice of letters had been published as required by law. In re Tucker, 74 Mo. App. 334; State v. McCord, 124 Mo. App. 73; State v. Searcy, 39 Mo. App. 401. (4) The execution issued May 24, 1910, was against the executor of the last will and testament of James P. Ward, deceased, as directed by statute, yet it was against W. T. Petty, who was such executor, and it was against said W. T. Petty individually, and not in his trust capacity, hence it was properly issued against W. T. Petty, who was such executor. Sec. 235, R. S. 1909. (5) Where the record of the probate court fails to recite a finding as to the facts, but shows that the court exercised jurisdiction, the presumption is that it found the facts necessary to give it jurisdiction. State v. McCord, 124 Mo. App. 73. (6) The probate court was not required to make any record finding as

to the sufficiency of funds, the payment of demands and costs, or the publication of the notice of letters. State v. McCord, 124 Mo. App. 73; State v. Searcy, 39 Mo. App. 401; State v. Dugan, 110 Mo. 145; Livingston v. Allen, 83 Mo. App. 298. (7) A judgment which is not void as it appears from the record, is not subject to collateral attack. Myers v. McRay, 114 Mo. 382. (8) Errors, if any, either in law or fact, were merged in the order of the probate court, directing W. T. Petty to pay the legacy bequeathed to James H. Tucker, and are no longer the subject of judicial inquiry. Covington v. Chamblin, 156 Mo. 587.

## I.

BOND, J.—The plaintiff is the grantee of J. H. Tucker, who acquired a sheriff's deed to forty acres of land theretofore belonging to defendant W. T. Petty, who was the executor of the will of J. P. Ward and charged with the payment of a legacy to the said Tucker of one thousand dollars.

The will of J. P. Ward was probated December 21, 1907, on which day letters testamentary issued to the executor, who omitted to give notice thereof by publication until 1909, and made his first annual settlement in May, 1909. On February 14, 1910, the probate court, on the application of the legatee, ordered the executor to pay the amount of the legacy, less a collateral inheritance tax of $50, to-wit, $950, with interest from the twenty-first of December, 1908.

Due notice was given to the executor of the application for this order on Tuesday, February 1, 1910, and a copy of the application was thereafter, to-wit, the 24th of May, 1910, served on him, on which day also an execution was issued against him and levied on forty acres of land, and the same sold and purchased by the legatee, who received a sheriff's deed for the land and afterwards conveyed it to the plain-

tiff, who brought the two present actions against defendant Petty and the several parties in possession.

The first count of each suit is to quiet title and the second is in ejectment. The case was submitted to the court without a jury and a judgment rendered for plaintiff, from which defendant Petty has appealed.

## II.

No question is made as to the formal sufficiency of the sheriff's deed to the grantor of plaintiff, nor that the plaintiff acquired whatever title passed to his vendor under that deed. The chief contention of appellant is that the probate court was without any jurisdiction to make the order or render the judgment against the executor for the payment of the legacy bequeathed to Tucker, the grantor of the plaintiff, and hence the ulterior proceedings for its enforcement were simple nullities and carried no title to the land levied upon and sold to satisfy the judgment.

*Judgment of Probate Court.*

Under the record in this case this position cannot be maintained. As to all matters of administration of estates and in furtherance of statutory powers devolved on them for that purpose, the orders, judgments and proceedings of the probate court are entitled to the same presumptions of regularity and validity, when assailed collaterally, that exists when a similar attack is made upon the judgment of courts of general 'jurisdiction which proceed according to the course of the common law. This principle, despite some vacillation in the earlier cases, is now the accepted law of this State. [Wilson v. Wilson, 255 Mo. 1. c. 537, and cases cited.] The judgments and proceedings of a court entitled to these presumptions will be upheld against collateral attack unless it affirmatively appears in some portion of the entire record that the steps necessary to the acquisition of jurisdic-

tion were *not* taken. The mere silence of the record is not sufficient to overcome the presumption that the given judgment was rendered after jurisdiction had attached.

Taking the face of the record of all the proceedings which culminated in the judgment against the executor, there will be found nothing to prove that the probate court was without jurisdiction to render it. The defendant executor, though duly notified of the demand for judgment and the grounds therefor (R. S. 1909, secs. 244, 245, 246, 233, 235), made no appearance and judgment was rendered against him. In the absence of any contrary showing in any part of the record we must presume that this order was only made after a finding by the court of the grounds upon which it was asked. These in substance were, that a legacy of one thousand dollars was given to the legatee in the will whereof the defendant was executor; that there was money in the hands of the executor amounting to $8751 left after the full payment of all the debts and other legacies as shown by this settlement, and that more than two years had elapsed since the granting of letters. Assuming that evidence of these allegations was adduced it cannot be said in view of the statutes cited above, that the probate court was without jurisdiction to make the order of payment and award execution thereon against defendant.

## III.

But appellant further contends that, since he failed to publish, as required by law, the facts of the issuance of letters of administration to him, therefore the legatee had no right to demand payment until two years after the belated publication of such notice, which was about a year and a half after the grant of the letters.

Belated Notice of Administration.

This defence is not available under the present record. It was the personal misfeasance of the executor that the statute requiring such publication within thirty days was not complied with. He cannot for that reason set up his own violation of duty as a defense to a cause of action which would have accrued to the legatee within the time his demand for payment was made, if the executor had obeyed the mandatory statute. [R. S. 1909, sec. 82.] If the executor has the power to postpone the demand for legacies until such publication of notice of letters and should refuse to make publication, then it necessarily follows that his misconduct would not only prejudice the rights of legatees, but would contravene the statutory purpose to effect a speedy closure of the administration of estates. [Laws 1911, pp. 81-6.]

His action in the present instance was unmoral if not in bad faith, and was no bar to the demand of the legatees for payment which was filed within the term of the statute then in force, permitting the demand for legacies after two years from the *date of letters* upon executing a bond, which latter requirement was waived by his non-appearance to this suit for the legacy. [R. S. 1909, secs. 244, 245; Pound v. Cassity, 166 Mo. l. c. 428.]

### IV.

It is finally urged by appellant that he should not be charged with interest from one year after the grant of letters, but only from the date
Interest on of the demand for the legacy and after
Legacy. refusal to pay. The judgment embracing this item of interest was an appealable one, and if erroneous in that respect the executor could have had redress on appeal. [R. S. 1909, sec. 289.]

The probate court was possessed of jurisdiction to pass on the demand for interest, and even if it

266Mo.20

erroneously exercised that jurisdiction in allowing too much interest, its judicial action cannot be questioned in the collateral attack made by appellant. Nothing can be further apart than an utter absence of jurisdiction to decide a case, and a mere mistake of law and facts made in the decision of the case of which a court has lawful jurisdiction. [Rivard v. Railroad, 257 Mo. l. c. 167.]

A misapprehension of these diverse functions has created some confusion and lack of clarity in the decisions of some courts. No error however gross, occurring in the exercise of the rightful power to decide a case, can become the basis of a collateral attack upon the judgment. Such imperfections of judicial action can only be remedied by a review on appeal, or writ of error, or other mode of direct attack.

Our conclusion is that the judgment of the probate court upon which the sheriff's deed was founded is impregnable to the collateral attack made in the record before us. It is therefore affirmed. All concur.