(No. 24159.—

THE PEOPLE *ex rel.* Christ Anderson *et al.* Appellants, *vs.* THE VILLIAGE OF BRADLEY *et al.* Appellees.

*Opinion filed October 15, 1937—Rehearing denied Dec. 8, 1937.*

W. H. Dyer, Eugene J. LaMarre, David Jetzinger, Carroll J. Lord, and Alan E. Ashcraft, Jr., for appellants.

E. A. Marcotte, and Charles D. Henry, Jr., for appellees.

Thomas A. Matthews, *amicus curiæ,* for The Illinois Municipal League.

Mr. Justice Herrick prepared the opinion of the court:

The relators (appellants here) Christ Anderson, Antoni Jelieniewski, Margaret E. Brannan, administratrix of the estate of George E. Brannan, and T. A. Shaw, assignees of M. C. Connors, filed their petition for *mandamus* in the circuit court of Kankakee county against the village of Bradley and the president and board of trustees of the village. The relief sought was to compel the village to take appropriate steps to pay the amount of certain judgments obtained on April 26, 1932, by the relators, against

the village. The village of Bradley entered into a contract with M. C. Connors for the construction of a sewer. The sewer was built, accepted and the acceptance duly confirmed by order of the county court February 15, 1922. Jelieniewski was a subcontractor on the work. He filed a proceeding in the circuit court of Kankakee county against the village and Connors to establish a lien for the amount due him pursuant to the Mechanic's Lien act. (State Bar Stat. 1935, chap. 82, sec. 23, pp. 2017, 2018.) The village filed its cross-petition under section 30 of the same act and brought into the proceeding the contractor and all subcontractors and interested parties. Some subcontractors filed intervening petitions to establish their liens. An account was taken. The circuit court entered a decree on April 26, 1932, which is set up *verbatim* in the petition herein. The following table is made from findings stated by the decree:

| | |
|---|---|
| Collected by village from the special assessment levied for the improvement | $315,991.08 |
| Paid to contractor | 263,934.59 |
| Balance in special assessment fund | $ 52,056.49 |
| Total due contractor | $307,511.69 |
| Total amount paid him | 263,934.59 |
| Balance due contractor | $ 41,577.10 |

It will be observed that there is a mathematical error of $2000 in favor of the village in the last above computation. No point is made as to that mistake in this case.

The chancellor decided that the village, on February 15, 1922, had wrongfully diverted from the special assessment fund, $25,094.23. He allowed annual interest at five per cent on that amount from the date of the conversion. He found there was due the contractor, including interest calculated as above, $54,119.21, subject to the liens of certain subcontractors against that fund. In accordance with the stipulation filed, the respective amounts due certain subcontractors were fixed by the decree and ordered deducted from the sum found due the original contractor. A decree

was entered against the village in favor of the subcontractors and the administratrix and assignees of Connors, and judgment entered for the amount due each. The amount decreed as due Anderson was $14,843.25, Jelieniewski, $6586.50, and the administratrix and assignees of Connor, $14,027.05. This decree stands unreversed. Written demand by the relators was made January 17, 1936, on the village, to pay the judgments. It refused and this suit followed. A motion in the nature of a demurrer to the defendants' answer was sustained and the answer stricken. The trial court awarded the writ. The Appellate Court for the Second District reversed that judgment. (*People v. Village of Bradley,* 288 Ill. App. 162.) The cause comes here on leave to appeal granted the relators.

The defendants urge certain technical defenses which will be treated first. It is insisted that because the decree failed to find that the subcontractors had given written notice of their claims as provided by section 23 of the Mechanic's Lien act, the circuit court had no jurisdiction of the first proceeding. The village, by filing its cross-petition, made all parties who might have claims against the funds, defendants to the cause. By this act, the village admitted it had the money, or its equivalent, and was interested only in having an adjudication as to the rights of the several parties concerned, against the fund. There was no issue made that it would suffer any monetary loss by the failure of any subcontractor to give notice of his claim. The village owed the money; whether to the original contractor or subcontractors, was, under the facts of the case, of no material consequence to it. The purpose of the notice, provided for by the statute, was to protect the village against any payment which it might make to the original contractor, in the absence of claims against the funds on the part of the subcontractors. (*McMillan v. Joseph P. Casey Co.* 311 Ill. 584, 590.) The circuit court was not deprived of jurisdiction by the failure, if there was such failure, of the sub-

contractors to give the notice, as provided by section 23 of the Mechanic's Lien act.

The case of the *City of Chicago* v. *Hitt,* 334 Ill. 619, cited by the village, is not decisive of any of the issues here. The village also states that the finding, by the decree, that there was a stipulation, does not disclose that the village was a party to it. Even if that be true, such fact did not deprive the court of jurisdiction of the cause and the parties to it. If any amount found due was for a larger sum than actually owing, such fact was a mere error. The allowance of an incorrect or excessive sum cannot constitute the basis for an attack on the decree in a collateral proceeding. *Palmer* v. *Riddle,* 180 Ill. 461.

It is urged that bondholders were not made defendants and that such failure was fatal to the jurisdiction of the court. There is nothing in the record to show that any bonds were ever issued, or if issued, that they had not been paid. We cannot assume, against the validity of the decree, that there were bondholders. It is here insisted that the village was entitled to pay the legal and engineering fees out of the fund. This point was not raised in the former proceeding, and, on the showing made in that suit, there was a surplus of $10,479.39 above the amount of funds necessary to satisfy the original demands of the contractor and subcontractors.

These matters relate to the correctness of the decree rather than the jurisdiction of the court pronouncing it. Aside from the Mechanic's Lien statute, the circuit court, as a court of general jurisdiction, had jurisdiction to state the condition of the accounts of the parties and to enter a decree in accordance with its findings. (*Rothschild* v. *Village of Calumet Park,* 350 Ill. 330.) Judgments and decrees of courts having jurisdiction of the parties and the subject matter are conclusive between the litigants until reversed in a direct proceeding. They cannot be challenged for errors, however obvious, in a collateral proceeding. *Wolff*

v. *Schwill & Co.* 351 Ill. 28; *Murphy* v. *Murphy,* 343 id. 234; *People* v. *Thompson,* 316 id. 11; *People* v. *Lee,* 311 id. 552.

The defendants charge that the petition here is not good because it runs in the name of the People and is not signed by either the Attorney General or the State's attorney. No public right on behalf of the petitioners is involved. The petition seeks to enforce the purported private claims of the relators only. It was not necessary that the petition be signed by either the Attorney General or the State's attorney. *People* v. *Massieon,* 279 Ill. 312.

The major issue remains as to whether *mandamus* will lie under the facts disclosed by the record. The defendants contend that the relators had a claim only against the funds to be derived from the special assessments to be collected from the territory specially taxed for the local improvement, and that the effect of the judgment will be to compel the tax-payers, generally, of the city, to pay the several judgments when no such liability existed originally. As the situation existed at the inception of the contracts between the contractor, subcontractors and the village, the liability was limited to the funds collected from the special assessment levied. The change in the positions of the parties has been brought about by the default and misfeasance, if not malfeasance, of the village, acting through its governmental officials. The amount of public benefits assessed is not shown. If any, they would be payable out of the general taxes. The decree, however, specifically shows the amount collected by the village was clearly in excess of the various sums due the relators. We must assume, for the purpose of this proceeding, that the sum not disbursed illegally yet remains within the village treasury. The village, in view of the decree in the trial court, is concluded by the factual findings and the ultimate pronouncements of that decree. (*Wolff* v. *Schwill & Co. supra; Hoit* v. *Snodgrass,* 315 Ill. 548; *Grove* v. *Kerr,* 318 id. 591; *Peo-*

*ple* v. *Thompson, supra.*) The money collected by the village from the special assessment levied to pay the cost of the improvement constituted a trust fund available to those having legal claims for materials furnished, or labor performed, in the course of the construction of the sewer. The village could not lawfully appropriate any part of those funds to other corporate uses. The withdrawn funds are treated as still in the custody of the village for the purpose of paying the liability imposed by its contract for the improvement. To permit the village to say it no longer has the money, or is unable to pay, would be to place municipalities in a position to defeat the lawful claims of contractors who have, in good faith, fulfilled their undertakings for the construction of, or the furnishing of materials or labor for, local improvements. The law will not countenance the evasion by a village of its debt, by either its wilful or negligent failure to apply towards the discharge of that obligation funds collected by it for the specific purpose of meeting such demand. *Conway* v. *City of Chicago,* 237 Ill. 128; *Rothschild* v. *Village of Calumet Park, supra.*

We are not impressed with the argument that the village treasurer and not the village is the trustee of the funds. Neither is there anything in the record to show that any part of the sewer district lies without the corporate limits of the village, as suggested in the argument of the appellees.

We are fully in accord with the principles announced in *Berman* v. *Board of Education,* 360 Ill. 535, but the legal rules there established are not applicable to the present case. The defendants are unduly concerned that an affirmance of the judgment of the trial court will introduce great confusion and disorder into the affairs of the village. The writ of *mandamus* awarded directs, in substance, that the village levy the maximum tax authorized by law, and, after first providing for the most economical expenses of the village, pay the surplus to the relators on their judgments. Substantially this same form of writ was approved in *People* v.

*City of Cairo*, 50 Ill. 154, where a defense was interposed that the city's revenues were insufficient to meet its current expenses.

All other reasons advanced in support of the judgment of the Appellate Court have received careful consideration but fail, in our opinion, to sustain the defendants' position. The judgment of the circuit court was correct.

The Appellate Court erred in reversing the judgment of the circuit court of Kankakee county.

*Judgment of Appellate Court reversed.*
*Judgment of circuit court affirmed.*