## DENVER–GREELEY VALLEY IRR. DIST. et al. v. McNEIL et al.

### No. 1677.

Circuit Court of Appeals, Tenth Circuit.

Aug. 8, 1939.

Rehearing Denied Sept. 9, 1939.

Further Rehearing Denied Sept. 25, 1939.

John P. Akolt, of Denver, Colo. (Clay R. Apple, of Greeley, Colo., and Elmer L. Brock, E. R. Campbell, Milton Smith and Karl F. Crass, all of Denver, Colo., on the brief), for appellants.

Albert L. Vogl, of Denver, Colo. (Carle Whitehead and Frank A. Wachob, both of Denver, Colo., on the brief), for appellees.

Before BRATTON, HUXMAN, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

This appeal is from a judgment granting a writ of mandamus to compel the making of a levy to raise money with which to satisfy a judgment previously rendered in another action. The judgment in the earlier case was predicated upon bonds and interest coupons issued by the Denver-Greeley Irrigation District, and it contained a provision that it should be en-

forced only in accordance with the statutes and decisions of the State of Colorado relating to irrigation districts. We affirmed. Denver-Greeley Valley Irr. Dist. v. McNeil, 10 Cir., 80 F.2d 929. Thereafter petitioners here, plaintiff and intervenor respectively in the former action, made demand upon the irrigation district and the appropriate officers of the two counties in which lands within the district are located to take the requisite action to produce the money with which to satisfy the judgment. In November, 1936, the Board of Commissioners of Weld County, at the request of the irrigation district, made seven separate levies against 31,107 acres of land within the district. The levies were for the years 1913 to 1919, inclusive, and each was designed to produce $120,000, that being the full amount of the interest for one year on all of the bonds issued by the district.

In April, 1937, petitioners filed in this case their joint petition for mandamus, and an alternative writ issued. It was alleged that the judgment had been rendered; that the levies had been made in November, 1936; that the irrigation district, the Board of Commissioners of Weld County, and the respective assessors of the two counties in which lands within the district are situated had failed, neglected, and refused to make any levies for the purpose of producing money with which to discharge the judgment; that more than 20,000 acres of land had been wrongfully excluded from the district after the bonds and interest coupons were issued; and that the levies made in 1936 were made only against the lands remaining in the district after such exclusions. Respondents answered that annual levies had been made prior to 1936 for all bonds, and · for all interest coupons except those which came due in the years 1913 to 1919; that levies were made in 1936 for the coupons which came due in those years; and that levies had thus been made for the full amount of the principal and interest on all bonds.

The court found that the respondent Board of Commissioners of Weld County had not used or exhausted its powers to make assessments or levies on the lands lying within or comprising the district for the years 1913 to 1919, and that the omitted assessments were largely in excess of the aggregate amount of the judgment. The several respondents were ordered and directed to take the respective steps essential to make a levy against all lands within the district for each of the years 1913 to 1919, inclusive, for the purpose of providing the amount of money necessary to pay the judgment in full. Respondents appealed.

On the threshold, dismissal of the appeal is sought for objectionable generality of the assignment of errors in violation of Rule 11 of this court which was in force at the time the appeal was perfected. The pertinent part of the rule then in force provided that the assignment of errors should set forth separately and particularly each error asserted and intended to be urged. The clear purpose of the rule was to require the appellant to indicate in ordered manner the respects in which and the reasons for which it was contended that the action of the trial court was erroneous. Many of the assignments are general in that they fail to point out with particularity the respects in which or the reasons for which it is contended that the action of the. court constituted error. But they are quite similar in form to the assignments in many other cases in this court which were neither challenged by counsel nor questioned by the court. Dismissal of the appeal is an extreme penalty for which the circumstances here do not call.

Coming to the merits, the bonds and interest coupons on which the judgment in the former case was sought and obtained were not general obligations of the irrigation district. They were special obligations for local improvements payable out of moneys produced by special assessments against the lands within the district to be benefited. Interstate Trust Co. v. Montezuma Valley Irr. Dist., 66 Colo. 219, 181 P. 123; Thomas v. Henrylyn Irr. Dist., 79 Colo. 636, 247 P. 1059; Board of Commissioners of Adams County v. Heath, 87 Colo. 204, 286 P. 107; In re Green City Irr. Dist., 91 Colo. 202, 13 P.2d 1113; Henry Wilcox & Son v. Riverview Drainage Dist., 93 Colo. 115, 25 P.2d 172; Divide Creek Irr. Dist. v. Hollingsworth, 10 Cir., 72 F.2d 859, 96 A.L.R. 937; Denver-Greeley Valley Irr. Dist. v. McNeil, supra.

The statutes of the State of Colorado governing the issuance of such bonds and interest coupons and providing for the method of their payment authorize annual levies upon the lands by the acre unit in the district to be benefited, the levies to be

such in amount and rate as is necessary to provide money equal to the bonds and coupons as they mature. And when such levies have been made and completed, no authority exists in the laws of the state for the making of additional or cumulative levies for that purpose. Interstate Trust Co. v. Montezuma Valley Irr. Dist., supra; Thomas v. Henrylyn Irr. Dist., supra; Henry Wilcox & Son v. Riverview Drainage Dist., supra.

■ The remedy of mandamus in the United States courts is ancillary. The writ is issuable only after the right has ripened into judgment. Its function is to compel the discharge of a duty which the officers to whom it is directed are empowered by law to perform. It does not confer new authority. It cannot be invoked to compel the exertion of power which does not exist otherwise. It can serve to coerce the levying of special taxes only when taxation of that kind is authorized by law. And changing the evidence of the obligation of the district from bonds and interest coupons to judgment, or stated otherwise, passing the bonds and coupons to judgment did not create a new right to a levy on the lands within the district to satisfy the obligation. The right of petitioners to a mandamus issued out of the court below to compel the making of a levy with which to satisfy and discharge the qualified judgment must be measured by their right under the law of the state to a levy for the payment of the bonds and coupons on which they recovered the judgment. Divide Creek Irr. Dist. v. Hollingsworth, supra; United States v. Criner, 8 Cir., 283 F. 774; City of Hialeah v. United States ex rel. Harris, 5 Cir., 87 F. 2d 953; Moody v. Provident Irr. Dist., Cal. App., 77 P.2d 253.

■ As stated in the opinion in the former case, annual levies were made for the purpose of producing the money with which to pay the principal on all bonds at maturity; like levies were made for the purpose of satisfying in full at maturity the interest coupons for all years except 1913 to 1919 inclusive; and the money arising from such levies would have been sufficient in amount for the respective purposes if all taxes had been paid. But failure in payment of taxes is not enough to warrant the imposition of cumulative levies for the purpose of paying the deficit in revenues thus brought about. Fruitless efforts have been made in the state courts to compel by mandamus the imposition of cumulative levies for the payment of bonds and coupons where regular levies adequate in amount were currently made but a deficit in proceeds resulted from nonpayment of taxes. Thomas v. Henrylyn Irr. Dist., supra; Henry Wilcox & Son v. Riverview Drainage Dist., supra. Compare Interstate Trust Co. v. Montezuma Valley Irr. Dist., supra.

■ It is argued, however, that the annual levies heretofore made cannot foreclose the right to new or cumulative levies now for the reason that they did not cover all of the lands within the district to be benefited as of the time the bonds and coupons were issued. The particular contention is that lands to be benefited were excluded after the bonds and coupons were issued and the levies improvidently covered only the reduced acreage. While mandamus is classed as a legal remedy, it is an extraordinary remedial process which is awarded, not as a matter of legal right, but in the exercise of sound judicial discretion and upon equitable principles. Duncan Townsite Co. v. Lane, 245 U.S. 308, 38 S.Ct. 99, 62 L.Ed. 309; United States ex rel. Arant v. Lane, 249 U.S. 367, 39 S.Ct. 293, 63 L.Ed. 650; Ex parte Skinner & Eddy Corporation, 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912; Reiner v. United States, 9 Cir., 92 F.2d 321; People v. Pitcher, 61 Colo. 149, 156 P. 812, Ann.Cas.1918D, 1185. Here annual levies were regularly made in point of time for the payment of all bonds as they matured, also for all coupons except those which became due in 1913 to 1919. It is not contended that petitioners or their predecessors in interest made any complaint touching such levies at the time they were made either in respect to acreage covered or otherwise. Instead, they stood silent and acquiesced for a long number of years. Many owners of land paid their taxes in due course believing that the levies were regular and that such payment absolved their lands from further liability for the bonds and coupons maturing in those years. Lands have changed hands, and mortgages and other incumbrances have been placed against lands and are still outstanding. On plain equitable considerations petitioners are not entitled at this late juncture to a writ of mandamus requiring the imposition of levies on a different or larger acreage for the payment of that part of the judgment which represents recovery on bonds, and

on coupons maturing otherwise than in 1913 to 1919, to the disturbance, confusion, and injury of others. Laches denies them the right to a levy or levies on a larger acreage now.

 A different situation presents itself in respect to the levies made for the coupons which matured in 1913 to 1919. These levies were not laid from year to year as the coupons matured, and petitioners and their predecessors in ownership did not remain quiescent for a long period of time without challenging their regularity as to the acreage covered. For these reasons, laches does not foreclose petitioners from presenting the question now. The bonds and all coupons were issued April 5, 1909. Certificates of the respective assessors of the two counties in which lands within the district are situated were introduced in evidence which showed that the acreage to be benefited during the years 1909 and 1910 was approximately 42,500 and 56,650 acres, respectively. The levies made in 1936 covered only 31,107 acres. The record does not explain the reduction. Respondents advance the argument that the certificates do not show how many acres were included in the district on the date on which the bonds and coupons issued. The certificates do not purport to show the acreage on that exact date, but they were sufficiently close in time to make a prima facie showing and to shift the burden to respondents.

 Holders in due course of bonds and interest coupons have a right to levies covering the acreage to be benefited as it existed at the time the obligations were issued. And the acreage cannot be thereafter reduced to their injury. Security for bonds and interest cannot be diminished in that manner. Carter v. Badger Irr. Dist., 77 Colo. 101, 235 P. 376; Nile Irr. Dist. v. Gas Securities Co., 8 Cir., 248 F. 861. Respondents place strong reliance upon section 19, Chapter 113, page 259, Laws of Colorado 1905, to sustain the diminution in lands subjected to levies. The section provides that in no case shall any land be taxed for irrigation purposes under the act, which from any natural cause cannot be irrigated or is incapable of cultivation. The statute was in force at the time the bonds and coupons were issued, and they were subject to its provisions as well as all other provisions of the act. But it cannot be said that the legislature intended to empower the assessor to determine from year to year that lands previously subjected to levy had become unsusceptible to irrigation, or incapable of cultivation, and on making such determination exclude them from further assessment and levy for the purpose of producing revenue with which to pay and discharge outstanding bonds and coupons. To construe the section as vesting that power in the assessor would bring it into direct conflict with other provisions of the act expressly forbidding the exclusion of lands while bonds and coupons remain unpaid. See Nile Irr. District v. Gas Securities Co., supra. It is the general rule that the determination of the lands which are susceptible of irrigation and which will be benefited must be made at the time the district is organized or before bonds are issued, and that lands once included in that classification cannot be excluded from assessment and levy by direct or indirect means while the bonds and coupons remain outstanding. We are convinced that it was not the intent of the legislature in the enactment of section 19 to substitute for that well established rule a scheme in which the extent of the security for outstanding bonds and coupons would depend entirely upon the mere judgment of the assessor exercised from year to year in respect to the lands which shall be assessed and thus subjected to the levy.

 There is no occasion to express an opinion upon the question whether petitioners or other owners of interest coupons which matured in the years 1913 to 1919 could maintain in the state courts an original action in mandamus to compel a levy to pay all interest coupons which matured in those years. It suffices to say that the only coupons falling due in those years which have ripened into judgment in the court below are those owned by petitioners, and that the jurisdiction of the court to issue the writ as an ancillary remedy is limited accordingly. Labette County Commissioners v. United States ex rel. Moulton, 112 U.S. 217, 5 S.Ct. 108, 28 L.Ed. 698; Rosenbaum v. Bauer, 120 U.S. 450, 7 S.Ct. 633, 30 L.Ed. 743; Smith v. Bourbon County, 127 U.S. 105, 8 S.Ct. 1043, 32 L.Ed. 73; Covington & C. Bridge Co. v. Hager, 203 U.S. 109, 27 S.Ct. 24, 51 L.Ed. 111; Divide Creek Irrigation Dist. v. Hollingsworth, 10 Cir., 72 F.2d 859, 96 A.L.R. 937; Dwyer v. Le Flore County, Okl., 10 Cir., 97 F.2d 823.

 We think the judgment should have compelled respondents to take the neces-

sary steps to make a levy on all lands within the district to be benefited as of the date on which the bonds and coupons issued, sufficient in amount to produce the money necessary to satisfy in full that part of the judgment in the original case which represents recovery on the interest coupons maturing in the years 1913 to 1919, both inclusive; but that a levy should not have been directed for the purpose of satisfying the remainder of the judgment.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.

WILLIAMS, Circuit Judge, concurs in the conclusion.