William H. Allbee et al., Appellees, v. City of Aurora, Appellant.

**Gen. No. 9,532.**

Opinion filed August 8, 1940.

John P. Hart, Corporation Counsel, and Charles A. Darling, Assistant Corporation Counsel, for appellant.

Leonard C. Mead, of Geneva, Sears and Solfisburg, and Roy J. Solfisburg, all of Aurora, for appellees.

Mr. Justice Huffman delivered the opinion of the court.

This is an appeal from a decree in accounting, finding appellant city liable in the sum of $33,994.82, and

judgment for said amount. Appellees consist of some forty persons owning special assessment bonds issued by appellant pursuant to a local improvement project. Their bonds are a part of the seventh, eighth, ninth and tenth instalments. The facts in the case are not in dispute. The city collected the special assessment taxes due under this project. Such money was placed in a general corporate fund and expended. There are no records to show what became of the money or for what purpose it was used.

It is urged by appellant that the city is not liable to appellees for the money so collected, unless the same was diverted to general corporate ·purposes. Such position was accepted by this court in the case of *People ex rel. Anderson v. Village of Bradley,* 288 Ill. App. 162. The court was in error in this respect. *People v. Bradley,* 367 Ill. 301. In this case it is held that money collected from a special assessment is a trust fund for the payment of the bonds issued for the cost of such improvement; and that the city cannot lawfully appropriate it to other corporate uses. It is there said: "The law will not countenance the evasion by a village of its debt, by either its willful or negligent failure to apply towards the discharge of that obligation, funds collected by it for the specific purpose of meeting such demand." (p. 307.)

Contracts are the springs of trade and commerce. Without them there could be no stability of the present or the future. The integrity of man and State is gauged thereby. The administration of public affairs can only be performed by individuals, chosen for such purpose. Such work carries responsibilities. Surely the management of a large and busy city is a matter for which men cannot be too intelligent or honorable. Public responsibility and integrity must be recognized and enforced, as well as individual responsibility. Municipal and State defaulters not only destroy public faith in government, but they produce private dishonesty. They cannot well

command the individual to live up to his obligations, without leading in such respect themselves. For the citizen and taxpayer who has already paid this special assessment tax, to be again taxed, is a situation for which no excuse can be entertained, and none is offered. No uncertainty can be said to exist with respect to the disposition of special assessment funds.

The judgment of the circuit court is affirmed.

MR. JUSTICE DOVE specially concurring: I concur in the conclusion that this judgment should be affirmed.

*Judgment affirmed.*