**HUDDLESTON et al. v. DWYER et al.**

No. 2689.

Circuit Court of Appeals, Tenth Circuit.

Oct. 25, 1944.

Joseph R. Brown, of Fort Smith, Ark. (Joseph W. Foster, of Poteau, Okl., on the brief), for appellants.

William L. Curtis, of Fort Smith, Ark. (R. S. Wilson, of Van Buren, Ark., and W. B. Wall and J. Fred Green, both of Sallisaw, Okl., on the brief), for appellees.

A. Camp Bonds and W. R. Banker, both of Muskogee, Okl., on the brief of amici curiae.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

By regular proceedings had under the provisions of chapter 173, Laws of Oklahoma, 1923, 11 O.S.1941, § 81 et seq., the City of Poteau, in Le Flore County, Oklahoma, created two street improvement districts, laid an assessment against the lots in each district, and issued paving bonds. In each instance the assessment was payable in ten annual installments due in the years 1925 to 1934, inclusive, and the bonds matured in 1934. The county owned some lots in one district which were devoted to public use, and they were included in the assessment. The city owned some lots in the other district, and they were included in the assessment. The city subsequently conveyed its lots to the county, and they are devoted to public use. No provision was made to raise funds with which to satisfy the assessments against the lots in either district. Default was made in the payment of some of the bonds in each issue, and the owners of certain delinquent bonds brought this action against the board of county commissioners, the excise board of the county, the clerk, and the treasurer of the city, seeking judgment fixing the liability of the county on account of

the respective assessments and directing the issuance of a writ of mandamus to coerce the levying of a special tax for the purpose of creating funds with which to discharge the assessments against the county-owned property. On appeal from a judgment dismissing the action, we reversed and remanded with directions to enter judgment determining the amount due, and in the event of failure to make provision for the funds for payment of the judgment then to entertain jurisdiction in ancillary mandamus, Dwyer v. Le Flore County, Okl., 97 F.2d 823. After the mandate was spread, the trial court entered the judgment. Thereafter the county did not make provision for the raising of funds with which to satisfy the judgment, and plaintiffs filed in the cause their petition for an ancillary writ of mandamus. The court entered an order in the nature of judgment for mandamus directing the making of ten annual levies in connection with the county general fund levies sufficient in amount to discharge successively the ten annual installments of the assessments, with interest thereon at the rate of twelve per cent per annum from the due date of the installment until August 13, 1937, the date on which the complaint was filed in the cause, and interest thereafter on the aggregate of the installments and the already accrued interest at the rate of six per cent per annum. We affirmed, 137 F. 2d 383. The Supreme Court vacated the judgment and remanded the cause to this court for reconsideration in the light of certain late decisions of the Supreme Court of Oklahoma, 322 U.S. 232, 64 S.Ct. 1015.

Section 20 of the Act of 1923, supra, 11 O.S.1941 § 100, provides that property owned by a city, town, county, board of education, or school district, shall be assessed the same as other property within the improvement district, and that the city, town, county, board of education, or school district shall annually provide by the levy of taxes the funds necessary to pay the annual installment of the assessment with interest thereon; section 23, 11 O.S.1941 § 103, provides that the assessment shall be payable in ten equal annual installments, and shall bear interest at the rate of seven per cent per annum until paid, payable each year at the time the several installments are payable; section 25, 11 O.S.1941 § 105, provides that in the event an installment or interest is not paid when due, both the installment and

the accrued interest shall bear interest thereafter at the rate of twelve per cent per annum; and section 26, 11 O.S.1941 § 151, authorizes the issuance of negotiable coupon bonds, bearing interest until maturity at the rate of six per cent per annum and at the rate of ten per cent per annum after maturity. But the Supreme Court of Oklahoma recently determined that the provisions contained in the Act relating to delinquencies and penalties after maturity of the installments of the assessment have no application to municipalities; that property owned by a municipality cannot be rendered liable for more than the principal of the installments, with interest thereon at the rate of seven per cent per annum to the date of maturity; and that judgment may be rendered against a municipality whose property has been assessed for the principal of the unpaid installments, plus interest to maturity. Wilson v. City of Hollis, Okl.Sup., 142 P.2d 633, 150 A.L.R. 1385. The court differentiated some of its earlier cases, brought some into conformity, and expressly overruled others. And in the later case of Johnston v. Board of Education, Okl.Sup., 148 P.2d 195, the court reaffirmed in general language the principles announced in Wilson v. City of Hollis, supra. Whatever uncertainty or confusion may or may not have existed in the earlier decisions of that court, these two late cases make it presently clear that under the law of Oklahoma property of a city or county within a street improvement district created under the Act of 1923, supra, may be subjected to liability only for the proportionate amount assessable against it, together with interest thereon to the respective dates of maturity of the installments; and that owners of delinquent bonds cannot recover against such municipal subdivisions for interest or penalty after maturity of the installments. And the law of the state is controlling here in respect of the substantive rights of the parties in interest in a street improvement proceeding of that kind. Huddleston v. Dwyer, 322 U.S. 232, 64 S.Ct. 1015, supra. Manifestly the judgment rendered against the county departs from the law of the state as recently enunciated, by including in the amount of the award interest and penalties after maturity of the installments of the respective assessments. Wilson v. City of Hollis, supra; Johnston v. Board of Education, supra.

The order granting the writ of mandamus directed the making of ten annual levies in connection with the county general fund, each levy to be sufficient to pay one-tenth of the judgment, including interest and penalties after maturity of the assessments. The pertinent part of Section 28, Article X of the Constitution of Oklahoma, provides in substance that a county shall levy sufficient additional revenue to create a sinking fund for the payment of such parts of judgments as the county may be required by law to pay; 62 O.S.1941 § 431 provides that it shall be the duty of the officers of each municipal corporation within the state authorized by law to levy taxes to make a levy each year for a sinking fund which, with the funds on hand in such fund, will be equal to one-third of the original amount of all outstanding judgments against the municipal corporation, and in case less than one-third of any judgment remains due, then the levy shall be sufficient to cover the entire amount of the unpaid judgment, and further that when levies have been made in three fiscal years for the payment of a judgment and still the judgment remains unpaid on the last day of the fiscal year in which the last levy was made, an additional levy shall be made sufficient to pay the balance due on the judgment; 62 O.S. 1941 § 435 provides that sinking funds shall be used for the purposes therein outlined, including the payment of judgments; and 62 O.S.1941 §§ 445, 446 address themselves to the disposition of surpluses in sinking funds. A judgment against a county for the amount due on delinquent and unpaid installments of an assessment for street improvements under the Act of 1923, supra, with interest to the maturity of such installments, is to be paid in the manner provided in these constitutional and statutory provisions. Wilson v. City of Hollis, supra; Johnston v. Board of Education, supra. Manifestly the order granting the writ departs from the law of the state, as enunciated in these late cases, by directing the making of special levies in connection with the county general fund, and by spreading such levies over ten years. Wilson v. City of Hollis, supra; Johnston v. Board of Education, supra.

■ No appeal was taken from the judgment determining the amount due on the respective assessments against the property owned by the county and award-ing recovery for such sum. The judgment has long since become final, and ordinarily a judgment which has become final is res judicata in respect of the amount of the liability as well as other issues adjudicated, even though it may be erroneous. But appellants contend that since this judgment includes interest and penalties after maturity of the assessments it is void in toto, is subject to collateral attack, and should not be enforced by ancillary mandamus. The court had jurisdiction of the subject matter of the action and of the parties. Its jurisdiction of the subject matter included jurisdiction to determine whether the assessments bore interest and penalties after maturity, and if so to include them in fixing the amount of the liability. The validity of a judgment does not always depend upon its correctness. A judgment rendered by a court in Oklahoma having jurisdiction of the subject matter and of the parties for an amount in excess of that which should have been awarded is not void in its entirety. Instead, it is voidable as to the excess. Lawton v. Nicholas, 12 Okl. 550, 73 P. 262. And a judgment regular in other respects is not open to collateral attack in an ancillary proceeding of this kind on the ground that it is excessive in amount, People v. Village of Bradley, 367 Ill. 301, 11 N.E.2d 415; or on the ground that interest and penalties were improperly included, Supervisors v. United States, 4 Wall. 435, 18 L.Ed. 419; Botkin v. Kleinschmidt, 21 Mont. 1, 52 P. 563, 69 Am.St. Rep. 641; Dornan v. Benham Furniture Co., 102 Tenn. 303, 52 S.W. 38; Harter v. Petty, 266 Mo. 296, 181 S.W. 39. Since the complaint in the original action was broad enough to invoke the jurisdiction of the court to determine whether liability existed for interest and penalties after maturity of the assessments, the judgment is protected against collateral attack even though post-maturity interest and penalties were erroneously included in it. Supervisors v. United States; Botkin v. Kleinschmidt, supra; Dornan v. Benham Furniture Co., supra; Harter v. Petty, supra; People v. Village of Bradley, supra; Cf. Ciesler v. Simpson, 187 Okl. 641, 105 P.2d 227.

■ Treating the judgment as shielded against collateral attack, it remains to inquire whether in the circumstances presented it will be enforced in whole or in part by ancillary mandamus. The principles upon which persons holding public of-

fice may be compelled by a writ of mandamus to perform duties imposed by law have been defined and adhered to in a variety of cases. In order to be an appropriate remedy, the right of the petitioner must be clear and certain, and the duty of the officer must be ministerial, plainly defined, and peremptory. United States v. Wilbur, 283 U.S. 414, 51 S.Ct. 502, 75 L.Ed. 1148; United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 57 S.Ct. 855, 81 L.Ed. 1272. Expressions may be found to the effect that the writ is one of right. But whether it be designated in general parlance as a writ of right, it is an extraordinary remedial process awarded in the exercise of sound judicial discretion. Duncan Townsite Co. v. Lane, 245 U.S. 308, 38 S.Ct. 99, 62 L. Ed. 309; United States ex rel. Arant v. Lane, 249 U.S. 367, 39 S.Ct. 293, 63 L. Ed. 650; United States v. Dern, 289 U. S. 352, 53 S.Ct. 614, 77 L.Ed. 1250; Ex parte Republic of Peru, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014; Denver-Greeley Valley Irrigation Dist. v. McNeil, 10 Cir., 106 F.2d 288. While classed as a legal remedy, its issuance is controlled in large measure by equitable considerations. Duncan Townsite Co. v. Lane, supra; United States ex rel. Arant v. Lane, supra; United States v. Dern, supra; In re Skinner & Eddy Corp., 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912; Denver-Greeley Valley Irrigation Dist. v. McNeil, supra. The right to the writ may turn entirely on equitable considerations. United States ex rel. Girard Trust Co. v. Helvering, supra. And the process may be withheld for reasons fairly comparable to those which would move a court of equity, in the exercise of sound discretion, to refuse to protect or enforce a clear legal right. United States v. Dern, supra.

■ The remedy in the United States courts in a case of this kind is ancillary. The writ is issuable only after the right has ripened into judgment. Divide Creek Irrigation District v. Hollingsworth, 10 Cir., 72 F.2d 859, 96 A. L.R. 937; Denver-Greeley Valley Irrigation Dist. v. McNeil, supra. But it does not confer new authority and cannot be invoked to compel the exercise of power which does not exist otherwise. Brownsville Taxing Dist. v. Loague, 129 U.S. 493, 501, 9 S.Ct. 327, 32 L.Ed. 780; Boynton v. Blaine, 139 U.S. 306, 319, 11 S.Ct. 607, 35 L.Ed. 183. It cannot be used as a means to compel county or municipal officers to do that which they are not authorized to do by the laws of the state. United States v. Clark County, 95 U.S. 769, 24 L.Ed. 545. And it is not the office of the writ to bring about the levying of a special tax when taxation of that kind finds no authority in the laws of the state. Denver-Greeley Valley Irrigation Dist. v. McNeil, supra.

■ The substantive and procedural rights of the parties hereto under state law will be substantially effectuated and protected on enforcement of the judgment by ancillary mandamus to the extent and for an amount representing the principal of the installments of the respective assessments against the property owned by the county, together with interest thereon to the maturity of such installments, the order requiring the making of special levies for the payment of that sum in the manner provided by law for the discharge of other judgments. We think that, in the exercise of sound judicial discretion, ancillary mandamus should be granted, but limited and conditioned accordingly.

The order appealed from is vacated, and the cause is remanded to the trial court for entry of an order in the nature of a judgment in mandamus directing the making of special levies in connection with the sinking fund of the county sufficient to produce funds to discharge the judgment to the extent and in the amount of the principal of the assessments, together with interest on the several installments to their maturity at the rate of seven per cent per annum, such levies to be made and the proceeds thereof disbursed in the manner provided by the law of the state for the payment of other judgments against the county.