JUAN BAUTISTA GARCÍA RÍO, Petitioner and Appellee, *v.* ARTURO VIVAS MORALES, ETC., Respondent and Appellant.

No. 9535. Argued November 3, 1947.—Decided December 3, 1947.

*Manuel A. Bustelo, James E. Curry,* and *Miguel Parga* for appellant.
*Rafael Atiles Moréu* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

This is a petition for mandamus to compel Arturo Vivas Morales, Commercial Agent of the Puerto Rico Aqueduct and Sewer Service in Ponce, to furnish water service to the petitioner at his residence in Ponce. After a trial on the merits, the district court entered judgment in favor of the petitioner. The respondent has appealed from that judgment.

The lower court found the following facts: The petitioner lives in a house in Ponce as a tenant under a month-to-month oral contract for a rental of $30 monthly. Under this contract the owner of the house was required to pay for the water consumed by the petitioner. The Service supplied the water pursuant to a contract between the Service and the owner. The owner failed to pay bills for water used by the petitioner for nine months amounting to $150.81. Vivas therefore cut off the water service of the petitioner. Two days later at the request of the petitioner the water service was restored on condition that the water bill be paid within seven days. It was not paid. The water was again cut off .

and the respondent wrote the petitioner that the water would remain cut off until the bill was paid. The petitioner thereupon requested the respondent, as Commercial Agent in Ponce of the Service, to install water service in his residence under a direct contract with the petitioner as a consumer. The respondent refused, giving as his only reason the outstanding bill.

The district court arrived at the following conclusions of law: (1) the remedy of mandamus lies to compel a water company to supply water to a citizen when the company refuses without any legal reason to do so; (2) the petitioner has a right to water service from a public service corporation, provided he complies with all reasonable conditions; (3) it is the ministerial duty of the respondent to provide the service requested by the petitioner; (4) the petitioner as a tenant is entitled to water service, even though the owner owes a balance for previous water service. Applying these conclusions of law to the facts it had found, the lower court entered judgment for the petitioner.

The appellant assigns four errors. In three of them he attacks the third conclusion of law. That is the only point we deem it necessary to discuss. The question to determine here is whether mandamus lies against Vivas alone without the joinder of his superiors in the Service.

■ Mandamus is used to compel performance of a plain ministerial duty by a public officer, to compel exercise of judgment and discretion when the latter are required, or to correct an abuse of discretion. *Miguel* v. *McCarl,* 291 U. S. 442, 451-2; *Great Am. Indem. Co.* v. *Gov't of the Capital,* 59 P.R.R. 903, 905. Failure to comply with such a writ is contempt of court.

■■ In view of the nature of the writ, it cannot be directed on pain of contempt solely against a subordinate who performs his functions not pursuant to law but under the orders of a superior officer. The cases unanimously hold that mandamus does not lie under those circumstances

because it cannot be used against one who does not have the power to act or who can act only with the approval of others. Otherwise the respondent would be put in a cross-fire by a writ which commanded what his superior had forbidden. *Miguel* v. *McCarl, supra,* p. 455; *Warner Valley Stock Company* v. *Smith,* 165 U. S. 28, 34–35; *Gnerich* v. *Rutter,* 265 U. S. 388, 391–93; *Webster* v. *Fall,* 266 U. S. 507; *Alcohol Warehouse Corporation* v. *Canfield,* 11 F.(2d) 2 (C.C.A. 2nd, 1926); *Dami* v. *Canfield,* 5 F. (2d) 533 (Dist.Ct., N.Y., 1925); *Drainage Dist. No. 4* v. *Murphy,* 119 F.(2d) 390 (C.C.A. 8th, 1941); *Huddleston* v. *Dwyer,* 145 F.(2d) 311 (C.C.A. 10th, 1944); Merrill on Mandamus, § 58, pp. 66–67, § 234, pp. 292–3; see *Torres* v. *The Secretary of Porto Rico,* 11 P.R.R. 340; *Pagán* v. *Towner,* 35 P.R.R. 1.

As the *Miguel* case points out at p. 455, the subordinate is a proper, although not an indispensable, party. But he cannot be sued alone. A writ which compels performance of a duty must be issued primarily against the officer who is charged by law with the duty and is in a position to obey the writ.

We turn to the facts and law of this particular case. Section 2 of Act No. 40, Laws of Puerto Rico, 1945, establishes the Service as a public corporation. After providing for the Governing Board, § 3 recites that the "powers of the Service shall be exercised by an Administrator and Chief Engineer . . . subject to such rules and regulations and resolutions as may be enacted by the Board. The Board shall appoint the Administrator, an Auditor, and such other officers as it shall deem appropriate, and shall fix their duties, terms of office, and compensation. All of the said officers, except the Auditor, shall perform their duties under the supervision and direction of the Administrator." Section 4(*f*) gives the Service the power "to appoint agents and employees, and fix for them such powers and duties as the Service may determine".

The Commercial Agent of the Service in Ponce is not mentioned in the Act nor are his functions defined by law or by any regulations which have been called to our attention. Obviously, he is one of the employees covered by § 4(f). His testimony as to the role he performs when application is made for water service at a house with an outstanding bill was as follows: "Attorney Parga: Tell me, witness, when a person requests water service and with respect to the house where he lives there is a debt, can you, according to the instructions you have received from the Central Office, decide this by giving him water service?—Witness: No.—What do you have to do according to the instructions you have received?—Well, simply, in the case of a person and a house that have a water debt or account, refer the case to San Juan and they advise me from San Juan and I act. —Then the final decision with respect to that is yours or that of the central office in San Juan? —It is not mine. —Whose decision is it? —That of the Central Office in San Juan. —From whom have you received those instructions? —From my immediate chief, Mr. Picó, and from Mr. Francisco García Vidal. —What position does Florencio Picó hold? —Chief of the Commercial Division of the Service."

In response to further questioning, he testified that if a different owner or tenant requested water service, it was not refused because of the outstanding bill. On being asked who decides whether the case falls within one category or the other, he said: "I decide it, making a recommendation to San Juan", but "not finally, because I present the case as I have made the investigation according to my best understanding. San Juan may not see it in this way and writes me telling me to make an investigation."

In this particular case he testified he discussed the petitioner's application by telephone with a superior officer, one Mr. Alcaide, General Agent, of San Juan, and at a meeting in San Juan, and that he could not make the decision thereon

without consulting other persons. He testified that giving the petitioner temporary service had been done pursuant to the orders of Alcaide.

The lower court found as a fact that Vivas is the person in Ponce who, in the name and in representation of the Service, enters into contracts and authorizes installations for water service in Ponce. That is undoubtedly true. But the uncontradicted testimony also shows that with reference to the particular problem of a request for service for a house with an outstanding bill he has no authority to make a final decision thereon.

The statute creating the Service and the testimony demonstrate that mandamus does not lie in this case. The case could be brought against the Service itself, since the Service may under § 4(c) of Act No. 40 sue and be sued in its corporate name. Or, if the petitioner prefers not to sue the Service, the case could be brought against the Administrator and Chief Engineer or perhaps even against some Chief of a lower rank who by regulations or otherwise has received by delegation clear-cut and final authority. But Vivas has no power under the law and testimony to make a final decision in this case. It is made by his superiors. No court can compel him under pain of contempt to perform an act which is beyond his power, duty or authority to perform.

*Torres* v. *Capestani,* 30 P.R.R. 723, and *Yumet* v. *Herrera, Mayor,* 49 P.R.R. 148, are not in point. The power or authority of the respondents to perform the duties sought to be compelled by mandamus was not challenged in those cases.

The judgment of the district court will be reversed and the case remanded with instructions to dismiss the complaint unless within a reasonable time to be fixed by the district court the petitioner joins as respondents the Service, the Administrator or other appropriate parties.