## Albert Siefker, Appellee, v. City of Chicago Heights and William H. Laue, Appellants.

### Gen. No. 40,172.

114

Heard in the third division of this court for the first district at the June term, 1938. Opinion filed October 26, 1938.

EDWIN B. POORMAN, of Chicago, for appellants.

PAUL R. SCHREIBER, of Blue Island, for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from an order issuing a writ of mandamus in favor of plaintiff Albert Siefker and against the defendants, city of Chicago Heights, a municipal corporation, and William H. Laue, city treasurer, compelling said defendants to pay money which they had collected by special assessment to apply upon a special assessment bond which the plaintiff had purchased and owned and which by its terms was to be paid out of such money so collected.

The writ by its terms ordered the defendants, the City and its treasurer, to apply to the payment of plaintiff's bond certain moneys collected by them and now held by them to the credit of the instalment of the

special assessment against which plaintiff's bond was issued.

There is no controversy over the facts, which are substantially as follows:

The defendant City, pursuant to the provisions of the Local Improvements Act, caused to be levied a special assessment for the purpose of paying the cost of certain local improvements, known as Assessment No. 275; that said assessment was divided into and made payable in 10 annual instalments with interest thereon at 6 per cent per annum; that said improvement was constructed and completed and said assessment became payable and was put into collection by the defendant; that the defendant City issued its local improvement bonds in anticipation of the collection of the deferred instalments of said assessment which bonds were delivered in payment of the cost of construction of said improvement; that all instalments are now past due.

The facts further show that the amount of the ninth instalment of said assessment as levied and confirmed by the said defendant City was $2,512.44; that the amount of local improvement bonds issued by the said City in anticipation of the collection of said ninth instalment of said assessment was $2,000 which was evidenced by two bonds bearing Nos. 1 and 2 respectively, each in the amount of $1,000, maturing December 31, 1935; that prior to maturity thereof plaintiff became the owner of bond No. 1.

The facts further show that the defendant Laue took office as city treasurer of Chicago Heights on July 13, 1935. Up to that time the defendant City had collected and received on account of the said ninth instalment of said assessment, the total sum of $322.68; that prior to July 12, 1935, said defendant City paid in full and canceled, before its maturity, said bond No. 2 in the amount of $1,000 issued against said ninth instal-

ment, leaving a deficit or overdraft in the principal account of said ninth instalment of $677.32, as of the date the defendant Laue took office. In other words, a former city treasurer had paid out $677.32 more than had been collected thereon. Bond No. 2 had been paid, collected and canceled, leaving bond No. 1 the only outstanding bond against the instalment.

The facts further show that during the period from July 13, 1935 to December 31, 1937, inclusive, the defendant City collected and received on account of the principal of the said ninth instalment of said assessment $678.40, which was placed in the care, custody and control of the defendant Laue as city treasurer; that during the month of February, 1936, petitioner presented his said bond No. 1 issued against the ninth instalment to defendant Laue for payment and received $95.76 on account, leaving a balance due of $904.24; that the payment of $95.76 was made to plaintiff out of moneys received on account of the principal of said ninth instalment; that the net sum collected during the defendant Laue's term as treasurer was $1.08, owing to the deficit or overdraft in the ninth instalment for the sum of $677.32; that the treasurer did collect $678.40, and subtracting $677.32 from that sum leaves $1.08. This was due to the wrongful payment of bond No. 2 by the former city treasurer.

Plaintiff contends that his bond being the only bond now outstanding against the instalment, he is entitled to all moneys collected by the defendants upon that instalment which has been allocated and is now held by the defendant Laue to the credit of that instalment, regardless of whether or not there had been an overdraft or overpayment against other bonds issued against that instalment prior to the present treasurer's term of office.

Defendant contends that the present treasurer must apply all moneys collected by him upon that instalment to the elimination of the overdraft existing in that

instalment at the date upon which he took office (caused by the payment, upon other bonds of that instalment, of more money than had been then collected), and that until that deficit or overdraft has been eliminated, the treasurer has no right or authority to apply any of the moneys collected upon that instalment to the payment of plaintiff's bond.

The only question here involved is whether or not plaintiff is now entitled, as the holder of the only outstanding bond, to the money collected by defendant Laue, regardless of whether or not there had been an overdraft or overpayment against other bonds.

There is no contention made that the defendant Laue wrongfully diverted any collections during his term of office. The only controversy is as to how he shall apply the money held by him as city treasurer, in order to make up this deficit.

Plaintiff is entitled to the money on hand as plaintiff's bond is the only bond outstanding against the instalment.

The foregoing statement of the case is taken almost verbatim from defendants' brief and states the questions very fairly.

The wrongful action of the former city treasurer in diverting the collections, is not a matter which could legally affect the rights of this plaintiff. The City was a mere trustee for the collection of these funds, they being the proceeds of a special assessment, or trust fund, for the payment of the bonds issued before the collection of such assessment, and such proceeds of the collection of the special assessment were to have been used only in payment of such bonds. *Rothschild v. Village of Calumet Park,* 350 Ill. 330; *People ex rel. Anderson v. Village of Bradley,* 367 Ill. 301; *Cook v. City of Staunton,* 295 Ill. App. 111.

As was said in the case of *People ex rel. Anderson v. Village of Bradley,* 367 Ill. 301, at page 307: "The money collected by the village from the special assess-

ment levied to pay the cost of the improvement constituted a trust fund available to those having legal claims for materials furnished, or labor performed, in the course of the construction of the sewer. The village could not lawfully appropriate any part of those funds to other corporate uses. The withdrawn funds are treated as still in the custody of the village for the purpose of paying the liability imposed by its contract for the improvement. To permit the village to say it no longer has the money, or is unable to pay, would be to place municipalities in a position to defeat the lawful claims of contractors who have, in good faith, fulfilled their undertakings for the construction of, or the furnishing of materials or labor for, local improvements. The law will not countenance the evasion by a village of its debt, by either its wilful or negligent failure to apply towards the discharge of that obligation funds collected by it for the specific purpose of meeting such demand. *Conway v. City of Chicago*, 237 Ill. 128; *Rothschild v. Village of Calumet Park, supra.*''

It is admitted that the money has been collected by the City through its city treasurer. It should not and cannot be used for any purpose other than paying the bond held by the petitioner. If a former treasurer has diverted the fund, doubtless he filed a bond securing the faithful performance of his duty and the City is thereby protected.

We think the writ was properly issued and for that reason the judgment order of the city court of Chicago Heights is hereby affirmed.

*Judgment order affirmed.*

HALL, P. J., and HEBEL, J., concur.