(No. 25399.—

SADIE I. SCRIBNER *et al.* Appellees, *vs.* THE VILLAGE OF DOWNERS GROVE, Appellant.

*Opinion filed December 15, 1939—Rehearing denied Feb. 13, 1940.*

BUNGE & BUNGE, (GUSTAV H. BUNGE, of counsel,) for appellant.

LEONARD C. MEAD, and TOLMAN & CHANDLER, (HOWARD B. BRYANT, and ELMER P. SCHAEFER, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant village seeks review of an order of the county court of DuPage county vacating an order previously entered confirming a proceeding to extend time for payment of certain installments of a special assessment for a local improvement, pursuant to the provisions of section 86a of the Local Improvement act. (Ill. Rev. Stat. 1939, chap. 24, par. 792a.) The village originally filed a petition in the county court to extend the time of payment of all installments of this assessment pursuant to an ordinance passed by the village council. On August 22, 1938, the county court, on hearing, entered an order confirming the proceedings and providing for refunding all of the installments. On December 12, 1938, a supplemental petition was filed by the village reciting that an amendatory ordinance had been passed since the filing of the first petition, providing that the first six installments of the assessment, only, be refunded. The supplemental ordinance referred to also provided that the rate of interest on the extended assessment and refunding securities be reduced from six per cent to five per cent, and that vouchers issue against the first

installment of the extended assessment to reimburse the special assessment fund to the extent of any overdrafts, and for the payment of costs, interest and penalties.

On December 27, 1938, an order of the county court was entered on the supplemental petition, reciting that the bonds issued against the first six installments had been surrendered, canceled and exchanged by the depository, and ordered the confirmation of the modified assessment roll and the release and withdrawal of assessments on tax records as provided by section 86a. This order also provided that the cash deficits on the installments, as extended, should be recouped by paying the amount of such deficit out of the collection of the first installment and any deferred installments having a surplus. This was to be done by transferring such surplus to the general special assessment fund of the village. It also provided for the payment of costs not to exceed $3000 out of the first installment. The order reduced the rate of interest on the assessment from six per cent to five per cent and approved the exchange of the refunding securities as to the first six installments. Nothing was done as to the seventh, eighth, ninth and tenth installments. It appears from the record that all outstanding bonds are due and unpaid, and that appellees in this case, who are holders of bonds issued on the last four installments of the assessment, have demanded payment of the bonds but have not been paid.

On January 25, 1939, appellees filed a motion to dismiss the proceeding. Various grounds were urged in this motion; some were overruled and some sustained. As no cross-appeal has been taken by appellees, the action of the court in overruling certain of their objections to the validity of the proceeding is not before us.

This appeal questions the correctness of the order of court vacating the order entered December 27, 1938. The question is divided into three branches: First, whether the trial court had jurisdiction to entertain appellees' motion

to vacate its previous order; second, whether the county court had jurisdiction to enter the order of December 27, and, third, whether that order of confirmation impaired the obligations of contracts thus destroying vested rights of appellees. As to the first question it is urged by appellant that the motion of appellees to dismiss the proceeding amounted to a collateral attack, which they had no power to make, and that the court was without jurisdiction to entertain such motion. It is sufficient, however, as to this objection, to say that the motion to vacate the order of confirmation was made within thirty days after the entry of the order sought to be revoked. Under the Civil Practice act a judgment may be vacated within thirty days after the entry thereof, in the discretion of the trial court. (Ill. Rev. Stat. 1939, chap. 110, par. 174, (7).) Under section 56 of the Local Improvement act this same power is vested in the courts to change or set aside judgments of confirmation of special assessments. Ill. Rev. Stat. 1939, chap. 24, par. 758.

We come then to the question of the court's jurisdiction to enter the order of December 27, 1938. Section 86a, under which this proceeding was brought, is a special statutory provision and confers special jurisdiction on courts authorized to hear those proceedings. It follows, without argument, that the provisions of such an act must be strictly complied with. As we have seen, the village first attempted to refund and extend all the installments and later modified their petition to apply to the first six, only. This, as shown by their petition and by the amendatory ordinance attached, was due to the failure and refusal of some of the holders of bonds issued on the seventh to tenth installments to deposit their bonds for exchange, and refusal to consent to the extension.

This statute has been before this court in recent cases. Its principal features are set out in *Thayer* v. *Village of Downers Grove*, 369 Ill. 334, and need not be repeated here

except in so far as necessary to the consideration of this case. It provides that no judgment confirming any proceedings under it shall be entered until all outstanding securities have been either deposited in the court or with some depository under an escrow agreement approved by the court. Appellant says that that applies only to bonds issued on the installments sought to be refunded, and that the statute specifically authorizes the refunding of any installment or installments, or all installments. This power is clearly given in section 86a and appears to be conceded by appellees, but they say the village has no authority or power under the act to so refund the installments, or any part of them, that holders of bonds issued on other installments not being refunded shall be affected by having vested rights taken from them.

The finding of the court and the averment in the petition are that all vouchers issued against the first installment were paid in full and canceled, and the court found that bonds issued against the first six installments had been exchanged. Appellees say that there is a surplus in the first installment and the court directed that it be used to pay the costs and deficiencies of the six installments extended, and that to do this is to deprive the holders of bonds issued on the subsequent installments of their right to participate in any surplus existing in any of the installments. Section 86 of the Local Improvement act (Ill. Rev. Stat. 1939, chap. 24, par. 792) is, in part, as follows: "Provided, however, if there be a surplus to the credit of any such installment which is not required for the payment of any vouchers or bonds issued against such installment, such surplus shall be applied toward the payment of any outstanding vouchers or bonds heretofore or hereafter issued, as the case may be, against any other installment or installments."

In *Rothschild v. Village of Calumet Park*, 350 Ill. 330, section 86 was construed as providing that surplus in any installment over the amount required to pay the bonds and

interest payable out of that installment, may be applied to pay any bond or voucher drawn against it on any other installment. To the same effect is *People* v. *Village of Bradley,* 367 Ill. 301.

The thing complained of here is, that by refunding the first six installments and ordering placed in a fund for the benefit of those six installments the accumulation and surplus existing under the first installment, the order takes from bondholders of the last four installments the right to have that surplus prorated to the payment of their bonds. This position is well taken, and the court was without power to exclude the bonds issued on the last four installments from the benefit of any such surplus in the first or any other of the original installments as extended.

It is argued that if section 86a be construed as authorizing the allocation to certain bondholders of the surplus in any installment where all the vouchers against it have been paid, the act must be held to be unconstitutional. In the case of *Worthen Co.* v. *Kavanaugh,* 295 U. S. 56, 79 L. ed. 1298, the court was considering an act passed by the State of Arkansas, extending the time for various steps in the collection of mortgages of benefit assessments as security for the payment of public improvement bonds. The interval between default and sale was extended from sixty-five days to two and one-half years or more; the penalty was changed; privilege of possession during the redemption period was withdrawn and the period of redemption was extended. It was held such an act was unconstitutional on the ground that the change of the remedy under the statute really affected the substantive rights of the parties. In the case before us, as we have seen, appellees had, under the statute, a right to a *pro rata* division of the surplus in the first installment or any other, and the court had no right to take it away from them.

There is another frailty in the petition, so far as disclosed by the record. The statute provides that the ordinance directing the filing of proceedings for extension and

refunding of special assessment installments shall be passed on the petition of seventy-five per cent of the bondholders, and that the proceedings shall show such consent. The original petition in this case, by which it was sought to refund all the installments, showed that seventy-five per cent of them had so consented. After the order of August 22, 1938, was set aside on the motion of appellant, no new proceeding was started or new consent of bondholders filed. The record does not show whether, among the seventy-five per cent found to have petitioned for the extension, there were enough holders of bonds on the first to the sixth installments to keep the number of petitioners at seventy-five per cent after the four installments were excluded. It is necessary, in a special statutory proceeding, that all jurisdictional features required by the statute be made to appear from the record.

The petition, under section 86a, "shall set forth the amount of the assessment or installments to be extended, the date or dates of confirmation of the original assessment, the rate of interest of the original assessment, the amount of cash on hand in the particular assessment or installments, the outstanding securities or other obligations to be refunded, the date of maturity of the outstanding securities and the rate of interest same bears. Such petition shall also state that the holders of the securities issued in anticipation of the collection of said assessment or installments, will surrender their securities in exchange for refunding securities to be issued under the provisions of this act, or accept in payment thereof an amount not exceeding the par value thereof, with accrued interest thereon."

Appellees, in their objections before the county court, declared that they had not only desired payment of their bonds but that they had demanded such payment and it had been refused. The petition does not state that there were those not depositing their bonds who were willing to accept

payment in an amount not exceeding par value with accrued interest. Nor does it seek to pay such bondholders from the sale of extended bonds as provided by statute, but does, as we have seen, seek to use the surplus in installments to pay extended installments. As this court construes section 86a, an objecting bondholder may be paid his due bond out of the sale of bonds issued in refunding the installment on which his bond is issued. That this is a purpose of the statute is shown by the proceedings provided following the entry of the order of confirmation, in the following language: "Upon the expiration of ten (10) days after the entry of such order the municipal authorities shall issue the refunding securities authorized by order of court, provided the delivery of the refunding securities shall be simultaneous with the surrender of the securities to be refunded or paid." This section evidently contemplates that in the refunding of installments of this kind the village be authorized to issue new bonds, which it may exchange for bonds previously issued, or which it may sell and with the proceeds pay off matured bonds not deposited, or where the holders of such bonds have not consented to the proceeding. The construction to be given to the statute must, if possible, be a workable one. It is evident that the legislature did not intend to confer upon the village power to refund these installments in such a manner as to deprive any bondholder of his vested rights.

The court did not err in setting aside its order of confirmation on appellees' motion and dismissing the proceeding, and its judgment is affirmed.

*Judgment affirmed.*