How and Company et al. v. City of Chicago.
Chicago Flower Growers, Inc., Appellee, v. City of Chicago, Appellant.

Gen. No. 42,123.

Heard in the first division of this court for the first district at the February term, 1942. Opinion filed October 26, 1942. Rehearing denied November 9, 1942.

BARNET HODES, Corporation Counsel, for appellant; JAMES A. VELDE, LOUIS H. GEIMAN and ROBERT J. NOLAN, Assistant Corporation Counsel, of counsel.

LEONARD C. MEAD, of Geneva, and HOWARD B. BRYANT, of Chicago, for appellee; TOLMAN & MEGAN, of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

This case was here on a former appeal where we reversed the judgment and remanded the cause with directions to enter a judgment in accordance with the views expressed in the opinion. *Chicago Flower Growers, Inc. v. City of Chicago*, 306 Ill. App. 571. Afterward the court entered a decree which the city contends was not in accordance with the opinion of this court, and it appeals.

The facts are stated in our former opinion and will not be repeated here except in so far as it may be necessary. The Flower Growers, Inc., which will be referred to as the petitioner, owned five special assessment bonds of the face value of $1,000 each, payable out of the third installment of a special assessment levied to pay the cost of paving certain streets. There was another bond outstanding against this installment, of the face value of $300. Certain payments had been made on each of the bonds by the city out of the assessment collected but the petitioner claimed it had not been paid its *pro rata* share of such collections and judgment was entered in its favor for the amount to which it was entitled on each bond for its *pro rata* share of the collections made. In our former opinion we held that such judgment should be treated as payments. After the judgment was entered, the city collected $413.34 of the third installment and the question for decision before the trial court was, how should this $413.34 be distributed by the city. There was a balance due and unpaid on the outstanding bonds against this installment of $2,090. The court in its decree adjudged that $413.34 be applied *pro rata* on the balance remaining unpaid on the bonds outstanding against this installment.

The city's position is that the $413.34 should be distributed in accordance with the amount of the bonds issued and not on the amount remaining due and unpaid and that if this method were followed, the

petitioner who owns five bonds of the face value of $1,000 each, upon which cash payments have been made and the judgment in its favor had theretofore been entered, would be entitled to receive only $142.15 of the $413.34 and $63.32 should be awarded to the holder of the $300 bond, leaving a balance in the hands of the city of $207.87 and that this latter sum "should be applied in satisfaction of the judgment entered against the city in favor of the plaintiff [petitioner] for the city's past failure to make *pro rata* payments." We are unable to agree with this contention. In our former opinion we held that the amount of the judgment entered in petitioner's favor should be treated as payment and any sum collected thereafter must be applied to the balance remaining due on the outstanding bonds until they are paid in full before the city can be reimbursed.

The trial court followed the opinion of this court in its decree and it is affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.