(No. 27060.—

How and Company *et al.* *vs.* The City of Chicago, Appellant.—(Chicago Flower Growers, Inc., Appellee.)

*Opinion filed Sept. 21, 1943—Rehearing denied Nov. 11, 1943.*

BARNET HODES, Corporation Counsel, (JOSEPH F. GROSSMAN, and J. HERZL SEGAL, of counsel,) for appellant.

LEONARD C. MEAD, and HOWARD B. BRYANT, (TOLMAN & MEGAN, of counsel,) for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

The appellee, Chicago Flower Growers, Inc., owns five city of Chicago special-assessment bonds, numbers 11607 to 11611, for the sum of $1000 each. The bonds were issued to anticipate the collection of the third installment of special assessment number 52345, which totalled the sum of $14,846.98. Payments have been made in full of bonds and vouchers in the sum of $9546.98. The Local Improvement Act provides that the city of Chicago shall be the trustee for the levy, collection and distribution of the assessments, on which, alone, the holders of the bonds must rely for payment.

The original decree of the superior court of Cook county in this case, entered in June, 1938, gave the appellee its exact prorata share of the funds collected. It then provided that the city distribute to the appellee its prorata share of all principal and interest collected subsequent to December 1, 1937, and the court retained jurisdiction of the case for the purpose of enforcing the terms of the decree. The sum of $413.34 then came into the hands of

the city on account of the installment involved. A petition was filed herein by the appellee requesting an order for the prorata distribution of said sum of money, and the superior court entered the order as prayed. On appeal to the Appellate Court that order was reversed and the cause remanded with directions to enter a decree in conformity with an opinion of that court reported in *Chicago Flower Growers, Inc.* v. *City of Chicago,* 306 Ill. App 571. In that opinion the Appellate Court held that the trial court erred in directing a computation to be made disregarding the judgment entered as payment *pro tanto.* A petition for leave to appeal from the Appellate Court judgment was filed in this court and denied. On remandment, the case was tried upon a written stipulation of facts and the trial court entered the decree now appealed from. On appeal to the Appellate Court the decree of the superior court was affirmed. Petition for leave to appeal was filed in this court and allowed.

The decree contains the following chart with reference to the unpaid bonds, showing the face value thereof, the cash payments made thereon, the judgment formerly entered and the balance due:

| "Bond No. | Original Face Value | Cash Payment | Judgment Decree of June 8, 1938 | Balance |
|---|---|---|---|---|
| 11607 | $1000 | $160.00 | $460.00 | $380.00 |
| 11608 | $1000 | $160.00 | $460.00 | $380.00 · |
| 11609 | $1000 | $160.00 | $460.00 | $380.00 |
| 11610 | $1000 | $160.00 | $450.00 | $390.00 |
| 11611 | $1000 | $160.00 | $450.00 | $390.00 |
| K212 | $ 300 | $130.00 | | $170.00" |

The decree further found that the six bonds above listed were the only bonds outstanding against the third installment of said special assessment and that all other bonds had been paid in full and retired. The total balances remaining unpaid on all of the unpaid bonds aggregated the sum of $2090, and the decree found that the

$413.34 should be prorated in the following manner: to each of bonds 11607 and 11608 and 11609 the proportion of 38/209, to each of bonds 11610 and 11611 the proportion of 39/209, and to bond K212 the proportion of 17/209. The table showing the exact amounts to be paid was also shown in the decree as follows:

| "Bond Number | Fractions | Payment Ordered |
| --- | --- | --- |
| 11607 | 38/209 | $75.15 |
| 11608 | 38/209 | $75.15 |
| 11609 | 38/209 | $75.15 |
| 11610 | 39/209 | $77.13 |
| 11611 | 39/209 | $77.13 |
| K212 | 17/209 | $33.63" |

It is the contention of the appellant, city of Chicago, that the trial and Appellate courts erred in failing to hold that the prorata share to be paid to appellee upon its bonds should be determined upon the basis of the proportion which the total amount of money collected on account of the special-assessment installment against which appellee's bonds were issued, bears to the total amount of bonds issued against the installment. In other words, that the bonds fully paid off and retired by the appellant should receive their proportionate share of the funds collected and held for distribution.

It is stated by counsel for the parties that this is a test case brought to determine the correct method of distributing special-assessment funds in situations where an improper distribution of funds previously collected has been made. Also that there are many other cases awaiting a final determination of this case, involving, in the aggregate, substantial sums of money.

It appears to us that the present case is not open for such a decision. The record shows that the order entered in the superior court of Cook county on August 18, 1939, found that under the terms of the decree entered June 8, 1938, "it became and is the duty of the City of Chicago and its officials to prorate all moneys received in this in-

stallment upon all bonds outstanding in this installment, including the aforesaid bonds owned and held by the petitioner, and became and is the duty of the City of Chicago and its officials to calculate such prorata payments applicable to petitioner's bonds without regard to the endorsement of the judgment made on petitioner's bonds pursuant to the decree of this court." From that order the city of Chicago appealed to the Appellate Court, First District. The Appellate Court reversed the order of the superior court and remanded the cause on the ground that the trial court erred in directing the computation to be made disregarding the judgment entered as payment *pro tanto*. (*Chicago Flower Growers, Inc.* v. *City of Chicago*, 306 Ill. App. 571.) Both the city of Chicago, as appellant, and Chicago Flower Growers, Inc., *et al.*, as appellees, filed petitions for rehearing and both petitions were denied. The appellee filed a petition for leave to appeal to this court which was also denied.

Under this state of the record, the method for distribution of subsequent collections on the third installment became final. When the present case was before the Appellate Court, (*How and Company* v. *City of Chicago*, 316 Ill. App. 153,) it was stated, "In our former opinion we held that the amount of the judgment entered in petitioner's favor should be treated as payment and any sum collected thereafter must be applied to the balance remaining due on the outstanding bonds until they are paid in full before the city can be reimbursed."

The record in this case does not permit a decision of the test case asked for by the city of Chicago, and the judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*